# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE MILLION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CORCORAN STATE PRISON, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | CASE NO. 1:02-cv-6368-LJO DLB PC<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS<br><br>[Doc. 76] |

A.　　Procedural History

Plaintiff Charlie Million ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Third Amended Complaint filed on February 24, 2005, against numerous defendants employed at the California State Prison Corcoran ("Defendants") for retaliation; violations of the Eighth Amendment, violation of Due Process and denial of access to the court system. On May 2, 2007, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b) and Rule 12(b)(6), Defendants filed a motion to dismiss based on Plaintiff's failure to exhaust the available administrative remedies and failure to state any claims upon which relief can be granted. Plaintiff filed an opposition to the motion on July 11, 2007, and Defendants filed a reply on July 23, 2007.[1]

B.　　Legal Standard

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on January 26, 2007. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002);

2

Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

**C.  Discussion**

**1.  Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies**

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

    **a.  Defendants Decker, Ramos, LaCrosse, Herrerra, Landry, Jiminez, Miller, Fresquez and Marshal**

Defendants Decker, Ramos, LaCrosse, Herrerra, Landry, Jiminez, Miller, Fresquez and Marshal argue that they are entitled to dismissal because Plaintiff did not name any of them in any of his inmate appeals filed at CSP-Corcoran. In support of their motion Defendants submit the Declaration of V. Castillo, Inmate Appeals Coordinator at CSP Corcoran. Mr. Castillo states that he has reviewed the history of inmate appeals filed by Plaintiff and confirmed that Plaintiff has not

3

1 filed any appeals against Defendants Decker, Ramos, LaCrosse, Herrerra, Landry, Jiminez, Miller,
2 Fresquez or Marshal.  Castillo Decl. at ¶ 5.

       **b.**      **Defendants Jones, Brown and Stockman**

Defendants Jones Brown and Stockman argue that although they have been named in some of Plaintiff's inmate appeals, they are identified for reasons other than Plaintiff alleges in his complaint.  In Inmate Appeal Log No. 33-3390, Plaintiff contends Defendant Jones ordered Plaintiff to be strip searched on April 29, 2003.  Defendants' Motion to Dismiss, Exhibit 4.  However, in this action initially filed on October 24, 2002, Plaintiff alleges that Jones violated his constitutional rights on September 8, 2001 by requiring him to work on the prison yard crew.  Complaint at ¶ 36.

In Inmate Appeal Log No. 01-1204, Plaintiff complains that Defendant Brown refused to lift a lock down order on February 12, 2001.  Defendants' Motion to Dismiss, Exhibit 5.  In this action Plaintiff claims that Brown violated his constitutional rights when he refused to remove Plaintiff from the prison yard crew.  Complaint at ¶ 38.

Inmate Appeal Log No. 02-1369 concerns Defendant Stockman's participation in a rules violation hearing which occurred on March 11, 2002 where he alleges he was denied due process.  Defendants' Motion to Dismiss, Exhibit 6.  In his complaint, Plaintiff alleges defendant Stockman reviewed Plaintiff's appeal on December 27, 2001 with a "discriminated state of mind."  Complaint at ¶ 53.

       **c.**      **Defendants Galaza, Yale, Dihel, Smith, Garcia, Rangel and Gonzales.**

Plaintiff alleges that Defendants Galaza, Yale, Dihel, Smith, Garcia, Rangel and Gonzales retaliated and discriminated against him and denied Plaintiff access to the court system.  He also alleges that Defendants Galaza, Yale, Dihel and Smith illegally confiscated his legal property.  Defendants argue that Plaintiff did not timely exhaust his claims against them because his appeals were not submitted until sometime in 2003.  *See* Third Amended Complaint, Exhibit K.

       **d.**      **Plaintiff's Opposition**

In his opposition, Plaintiff does not dispute Defendants' arguments or evidence and in fact concedes that he failed to file appeals against each of the named defendants.  With respect to each named defendant, Plaintiff argues he did not have "available administrative remedies within CDC,

4

CSP-Corcoran" and the administrative remedies would not award him monetary relief.

Plaintiff's argument that he need not exhaust because the process is inadequate and futile is without merit. "All 'available' remedies must now be exhausted regardless of the relief sought; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing to Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)).

Defendants have set forth evidence that there is no record of any appeals filed by Plaintiff concerning his claims against Defnedants Decker, Ramos, LaCrosse, Herrerra, Landry, Jimenez, Miller, Fresquez and Marshal. Defendants have also submitted evidence that Plaintiff's appeals filed against Defendants Jones, Brown and Stockman did not concern the allegations he makes in this action. Defendants have further submitted evidence that the appeals filed against Defendants Galaza, Yale, Dihel, Smith, Garcia, Rangel and Gonzales were not filed until April 2003. Defendants' evidence is sufficient to shift the burden to Plaintiff to demonstrate that he did exhaust. Plaintiff has set forth no evidentiary objections, and has set forth no evidence demonstrating that he filed inmate appeals and exhausted the process prior to filing this lawsuit against these defendants. Indeed, in his opposition, plaintiff concedes that he did not exhaust his administrative remedies as to any of the named defendants because monetary relief could not be granted. Defendants' motion to dismiss the claims against them for failure to exhaust must therefore be granted.

**2.    Defendants' Motion to Dismiss for Failure to State a Claim.**

In his third amended complaint, Plaintiff alleges that he was the target of retaliation by all Defendants because he filed an inmate appeal against Defendant Rushing on November 14, 2002 and because he filed a federal lawsuit on June 8, 2001.[2] Compl. at ¶35-36. He also alleges that defendants discriminated against him by enforcing a "do not care anti-inmate/prisoner" policy against him. *Id.* Plaintiff also alleges that defendants were deliberately indifferent to his serious medical needs (Complaint at ¶, 38-40, 42-51); he was denied access to the court system when

---

[2]The Court notes that as to this claim, Plaintiff could not have exhausted his administrative remedies prior to filing this action as Plaintiff filed this action on October 24, 2002. Because Defendants did not raise this argument in their motion to dismiss, the Court will not address this issue.

5

1  defendants confiscated his legal property (Complaint at ¶, 55-56); he was denied due process of law
2  during his rules violation hearing (Complaint at ¶, 48-50); and Defendants Brown, LaCrosse and
3  Phillip failed to protect him from defendant Rushing (Complaint at ¶, 38-39).

4       Defendants argue that Plaintiff fails state a claim for retaliation because he fails to allege
5  facts suggesting that any of the Defendants' alleged acts were the result of Plaintiff's inmate appeals
6  or his federal lawsuit. *See* Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Defendants
7  further argue that Plaintiff has failed to allege facts suggesting that he sustained any deprivation
8  which would violate the Eighth Amendment (*see* Farmer v. Brennan, 511 U.S. 825, 834 (1994) ) and
9  that Plaintiff fails to claim an "injury" as a result of the alleged denial of his legal property (*see*
10 Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002)). Defendants also
11 argue that Plaintiff cannot challenge the validity of his disciplinary hearing without first showing that
12 the result of the disciplinary hearing was previously set aside. *See* Muhammad v. Close, 540 U.S.
13 749, 751, 124 S.Ct. 1303, 1304 (2004).

14      In his Opposition filed on July 16, 2007, Plaintiff does not address Defendants' motion to
15 dismiss for failure to state claims upon which relief can be granted. On August 22, 2007, the Court
16 granted Plaintiff's request for an additional extension of time to file his opposition to the motion
17 dismiss; however, Plaintiff did not file an additional opposition to the motion. In the Second
18 Informational Order issued on January 26, 2007, Plaintiff was advised of his right to oppose in
19 writing, any motion to dismiss filed by the defendants. *See* Doc. No. 42, ¶ 3. Plaintiff was also
20 advised that pursuant to Local Rule 78-230(m), the failure to oppose a motion "may be deemed a
21 waiver of any opposition to the granting of the motion." *Id.*

22      In light of Plaintiff's failure to oppose Defendants' motion to dismiss for failure to state any
23 claims upon which relief can be granted, this portion of Defendants' motion shall also be granted.

24      **D.**    **Conclusion**

25      Based on the foregoing, Defendants' unenumerated Rule 12(b) and Rule 12(b)(6) motion,
26 filed May 2, 2007, is HEREBY GRANTED and this action is dismissed based on Plaintiff's failure
27 to exhaust administrative remedies and failure to state claims upon which relief can be granted.
28      IT IS SO ORDERED.

| | | |
|---|---|---|
| Dated: | March 5, 2008 | /s/ Lawrence J. O'Neill |
| | | UNITED STATES DISTRICT JUDGE |